**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>KROSKOB BROS FARMS, INC.,<br><br>Debtor. | Bankruptcy Case No. 26-12459 TBM<br>Chapter 11 |
| In re:<br><br>KROSKOB BROS FARMS & TRUCKING, INC.,<br><br>Debtor. | Bankruptcy Case No. 26-12777 TBM<br>Chapter 11 |

## NOTICE OF JOINT HEARING ON ATTORNEY RETENTION

### I. Introduction.

This matter comes before the Court *sua sponte* based on the failure of Chapter 11 Debtors, Kroskob Bros. Farms, Inc. ("Kroskob Farms") and Kroskob Farms & Trucking, Inc. ("Kroskob Trucking") (together, the "Debtors"), to obtain Court approval for retention of legal counsel under 11 U.S.C. § 327. The Debtors have now been operating as debtors-in-possession for over five months without Court-approved conflicts-free counsel. The Debtors' conduct and the conduct of their common unapproved-counsel, Michael Best & Friedrich LLP ("Michael Best"), in failing to prosecute motions to employ Michael Best is antithetical to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Court's Local Bankruptcy Rules. The Court will no longer allow the Debtors to proceed in bankruptcy without Court-approved counsel. Accordingly, the Court will, of its own accord, schedule a hearing on the status of Michael Best and whether Michael Best will be permitted to continue to represent the Debtors. A determination is necessary before any other matter in the Debtors' bankruptcy cases may proceed because, if debilitating conflicts exist within the framework of 11 U.S.C. § 327, Michael Best should not be permitted to continue to represent the Debtors.

## II. The Bankruptcy Cases.

### A. The Kroskob Farms Case.

Kroskob Farms filed for protection under Chapter 11 of the Bankruptcy Code[1] on April 13, 2026 (the "Petition Date") thereby commencing the bankruptcy case captioned: *In re Kroskob Bros. Farms, Inc.*, Bankr. Case No. 26-12459 (Bankr. D. Colo.) (the "Kroskob Farms Case"). Michael Best represented Kroskob Farms in commencing the Kroskob Farms Case. The Kroskob Farms Case was filed on a bare-bones basis without the required Statement of Financial Affairs and Schedules.

The day after the Petition Date, on April 14, 2026, Michael Best filed an "Application to Employ Michael Best & Friedrich LLP" (Docket No. 8, the "Kroskob Farms Application"). The Kroskob Farms Application relied on 11 U.S.C. § 327, Fed. R. Bankr. P. 2014, and L.B.R. 2014-1. Michael Best recited:

> To the best of the Firm's knowledge, there is no connection or conflict of interest between the Firm and the Bankruptcy Estate, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee's office, or any person employed in the office of the United States Trustee.

(Docket No. 8 at 2.) Michael Best also disclosed that it intended to represent "affiliates of the Debtor" in other bankruptcy cases. Attorney Lance Henry ("Mr. Henry") submitted a Declaration in support of the Kroskob Farms Application swearing that: ". . . . the Firm does not hold or represent any interest adverse to Debtor, the Bankruptcy Estate, or its creditors, and is deemed to be a 'disinterested person' as that term is defined in 11 U.S.C. § 101(14) of the Bankruptcy Code . . . . The attorneys of the Firm are disinterested persons who are qualified to be employed under § 327(a) and Fed. R. Bankr. P. 2014(a)." (*Id.*) Later, on April 23, 2026, Mr. Henry submitted a "Supplemental Declaration" in which he disclosed that Michael Best:

> . . . has been retained to represent all defendants in the action brought by American AgCredit FLCA, American AgCredit, ACA, and American AgCredit, PCA in District Court, Phillips County, Colorado, including affiliates and guarantors of the Debtor, which has subsequently been removed to the United States District Court for the District of Colorado [the "ACA Lawsuit"].

(Docket No. 19.)

---

[1] 11 U.S.C. § 101 et seq. Unless otherwise indicated, all references to "Section" are to Sections of the Bankruptcy Code.

The Court did not approve the Kroskob Farms Application initially because the Court had no information about Debtor other than the Petition. On May 6, 2026, the United States Trustee submitted an "Objection" to the Kroskob Farms Application. (Docket No. 28.) The United States Trustee raised the specter of a possible conflict of interest but noted that the Debtor had not filed its Statement of Financial Affairs and Schedules. Similarly, on May 13, 2026, secured creditors American AgCredit, ACA, American AgCredit, FLCA, and American AgCredit PCA (together "ACA") filed an "Objection" to the Kroskob Farms Application. (Docket No. 33.) ACA raised potential conflicts of interest in Michael Best representing both Kroskob Farms and Kroskob Trucking at the same time, especially since the Debtors had disclosed that Kroskob Trucking may have been using the assets of Kroskob Farms and that the Debtors may have been treating their assets as "shared rather than discrete assets owned by a single Kroskob entity . . . ." Since the Objections, over the intervening five months, Kroskob Farms has done nothing to address potential conflicts or prosecute the Kroskob Farms Application.

Meanwhile, on May 7, 2026, Kroskob Farms submitted its Statement of Financial Affairs and Schedules. (Docket No. 29.) Kroskob Farms' Statement of Financial Affairs revealed that Kroskob Farms earned $0.00 income in 2026. With respect to its assets, Kroskob Farms' President, Brandon Kroskob ("Mr. Kroskob"), swore under oath on Schedule A/B that Kroskob Farms owned "various farm machinery and equipment," "swathers, tractors, and equipment," "JBS spreader," "3 stackers," and "farm supplies, chemicals, and feed" with a current value of $5,202,000 (together, the "Farm Equipment"). (*Id.*) Importantly, on its Schedule G, Kroskob Farms confirmed that it did not have any unexpired leases or unexpired executory contracts. A few days later, Mr. Henry filed another "Supplemental Disclosure" (Docket No. 31), declaring, among other things that:

> . . . as the operating entity, Trucking has been using certain necessary equipment owned by Farms, Manufacturing, or Brandon, and Trucking has been paying for the financing of this equipment during this time. While these should properly be characterized as an expense, to the extent there are intercompany obligations owed to Trucking, Trucking received the benefit of the use of the equipment, and has no intention, if it even has a basis, to seek further reimbursement for paying for any financing of this equipment.

(Docket No. 31.)

On May 13, 2024, during a Status Conference, Mr. Henry disclosed for the first time that Kroskob Farms allegedly orally leased its Equipment to Kroskob Trucking. (Docket No. 38.) Mr. Henry stated that Kroskob Trucking paid $5,000,000 under such arrangement for the benefit of Kroskob Farms in 2025. (*Id.*) Mr. Kroskob was unable to state the length of the asserted oral lease. Later, Kroskob Farms amended Schedule

A/B to reduce of the value of the Equipment. (Docket No. 50.) Kroskob Farms did not amend its Schedule G to identify any unexpired leases or unexpired executory contracts. Throughout the pendency of the Kroskob Farms Case, Kroskob Farms has not generated any receipts or income, and Kroskob Trucking has not paid Kroskob Farms anything under the alleged oral lease. (Docket Nos. 59 and 72.)

Meanwhile, Kroskob Farms later disclosed in its "Disclosure Statement": "Currently, the Debtor's [Kroskob Farms] primary current source of income is derived from the leasing and use of its farming equipment to the related entity [Kroskob] Trucking . . . ." (Docket No. 88 at 7.) Notwithstanding, again, Kroskob Farms has earned no ($0.00) receipts or income during the pendency of the Kroskob Farms Case.

As early as May 13, 2026, the Court repeatedly raised the issue of possible conflicts and encouraged Kroskob Farms and Michael Best to consider whether "joint representation is legally permissible." Michael Best did nothing to address the representation issues. The Court has not authorized Michael Best to represent Kroskob Farms in this Court or in any other pending litigation including the ACA Lawsuit.

B. The Kroskob Trucking Case.

Kroskob Trucking filed for protection under Chapter 11 of the Bankruptcy Code on April 22, 2026, thereby commencing the bankruptcy case captioned: *In re Kroskob Farms and Trucking, Inc.*, Bankruptcy Case No. 26-12777 (Bankr. D. Colo.) (the "Kroskob Trucking Case"). Michael Best represented Kroskob Trucking in commencing the Kroskob Trucking Case. The Kroskob Trucking Case was filed on a bare-bones basis without the required Statement of Financial Affairs and Schedules.

On April 22, 2026, Michaael Best filed an "Application to Employ Michael Best & Friedrich LLP" (Docket No. 5, the "Kroskob Trucking Application"). The Kroskob Trucking Application relied on 11 U.S.C. § 327, Fed. R. Bankr. P. 2014, and L.B.R. 2014-1. Michael Best recited:

> To the best of the Firm's knowledge, there is no connection or conflict of interest between the Firm and the Bankruptcy Estate, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee's office, or any person employed in the office of the United States Trustee.

(Docket No. 5 at 2.) Michael Best also disclosed that it intended to represent "affiliates of the Debtor" in other bankruptcy cases including Kroskob Farms in the Kroskob Farms Case. And, Michael Best also confirmed that it intended to represent all of the defendants, including Kroskob Trucking, in the ACA Lawsuit. Mr. Henry submitted a Declaration in support of the Kroskob Trucking Application swearing that: ". . . . the Firm does not hold or represent any interest adverse to Debtor, the Bankruptcy Estate, or its creditors, and is deemed to be a 'disinterested person' as that

term is defined in 11 U.S.C. § 101(14) of the Bankruptcy Code . . . . The attorneys of the Firm are disinterested persons who are qualified to be employed under § 327(a) and Fed. R. Bankr. P. 2014(a)." (*Id.*) Later, on May 12, 2026, Mr. Henry submitted a "Supplemental Declaration" in which he disclosed that:

> . . . [Kroskob] Farms . . . ceased operations . . . . [Kroskob] Trucking has been using certain necessary equipment owned by Farms . . . and Trucking has been paying for the financing of this equipment during this time.

(Docket No. 53.)

The Court did not approve the Kroskob Trucking Application initially because the Court had no information about Debtor other than the Petition. On May 6, 2026, the United States Trustee submitted an "Objection" to the Kroskob Trucking Application. (Docket No. 45.) The United States Trustee raised the specter of a possible conflict of interest but noted that the Debtor had not filed its Statement of Financial Affairs and Schedules. Similarly, on May 13, 2026, ACA filed an "Objection" to the Kroskob Farms Application. (Docket No. 55.) ACA raised potential conflicts of interest in Michael Best representing both Kroskob Farms and Kroskob Trucking at the same time, especially since the Debtors had disclosed that Kroskob Trucking may have been using the assets of Kroskob Farms and that then Debtors may have been treating their assets as "shared rather than discrete assets owned by a single Kroskob entity . . . ."

The "Supplemental Disclosure" declared, among other things that:

> . . . as the operating entity, Trucking has been using certain necessary equipment owned by Farms, Manufacturing, or Brandon, and Trucking has been paying for the financing of this equipment during this time. While these should properly be characterized as an expense, to the extent there are intercompany obligations owed to Trucking, Trucking received the benefit of the use of the equipment, and has no intention, if it even has a basis, to seek further reimbursement for paying for any financing of this equipment.

(Docket No. 53.)

On May 20, 2026, Kroskob Trucking submitted its Statement of Financial Affairs and Schedules. (Docket No. 61.) With respect to its assets, Kroskob Trucking's President, Mr. Kroskob, swore under oath on Schedule A/B that Kroskob Trucking owned $3,568,000 worth of "various farm machinery and equipment" and $4,789,600 worth of "[t]itled [e]quipment." Importantly, on its Schedule G, Kroskob Trucking stated that it did have oral leases with Brandon Kroskob and Kroskob Farms. On June 18, 2026, Kroskob Trucking amended its Statement of Financial Affairs to disclose

numerous alleged oral lease payments to (or for the benefit of) Mr. Kroskob and Kroskob Farms. (Docket No. 97.) On June 29, 2026, Kroskob Trucking amended is Schedule A/B to assert ownership of $3,658,000 of equipment and $6,334,500 worth of "titled equipment." (Docket No. 102.)

On September 17, 2026, Kroskob Trucking filed a "Disclosure Statement," (Docket No. 116), which stated:

> Under the equipment-use arrangement between Farms and Trucking described in Trucking's Plan, Trucking pays Farms $4,000 per month for administrative costs and makes direct payments to Farms's secured creditors on account of equipment used in Trucking's operations. Trucking is responsible for all maintenance, repair, insurance, fuel, and storage costs associated with Farms's equipment.

As early as May 2026, the Court repeatedly raised the issue of possible conflicts and encouraged Kroskob Trucking and Michael Best to consider whether joint representation is legally permissible. Michael Best did nothing to address the representation issues. The Court has not authorized Michael Best to represent Kroskob Trucking in this Court or in any other pending litigation including the ACA Lawsuit.

## III. Applicable Law.

Pursuant to L.B.R. 9010-1(e): "No corporation . . . may file a petition under Title 11 of the United States Code, or otherwise appears in cases or proceedings before this Court, unless it is represented by an attorney authorized to practice in this Court." So, Kroskob Farms and Kroskob Trucking cannot proceed in bankruptcy without legal counsel. And, legal counsel must be approved under 11 U.S.C. § 327 which provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

According to binding Tenth Circuit precedent:

> A bankruptcy court has the authority and the responsibility to only approve employment of professionals who meet the minimum requirements set forth in § 327(a), independent of objections . . . . An applicant under § 327(a) has the burden of establishing by application and accompanying affidavit that its chosen professional is qualified.

*Interwest Business Equipment, Inc. v. United States Trustee (In re Interwest Business Equipment, Inc.)*, 23 F.3d 311, 317 and 318 (10th Cir. 1994). And, the Tenth Circuit quoted with approval the following passage from *In re McKinney Ranch Assoc.,* 62 B.R. 249 (Bankr. C.D. Cal. 1986):

> It is the duty of counsel for the debtor in possession to survey the landscape in search of property of the estate, defenses to claims, preferential transfers, fraudulent conveyances and other causes of action that may yield a recovery to the estate. The jaundiced eye and scowling mien that counsel for the debtor is required to cast upon everyone in sight will likely not fall upon the party with whom he has a potential conflict . . . .
>
> The policy behind disqualification for representing potentially conflicting interests provides the key to its extent. The jaundiced eye and scowling mien of counsel for the debtor should fall upon all who have done business with the debtor recently enough to be potential targets for the recovery of assets of the estate. The representation of any such party disqualifies counsel from representing a debtor. Any more remote potential conflict should not result in disqualification.

*Interwest*, 23 F.3d at 316.

Turning back to Section 327(a), such statute sets forth two basic requirements: (1) counsel must "not hold or represent an interest adverse to the estate" and (2) counsel must be a "disinterested person." *See also In re 7677 East Berry Avenue Associates, LP*, 419 B.R. 833, 841 (Bankr. D. Colo. 2009. "Together, the statutory requirements of disinterestedness and no interest adverse to the estate 'serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities.' " *Id.* "The propriety of employment under § 327 must be examined on a case-by-case basis." *In re Schwindt,* 2013 WL 321297, at *3 (Bankr. D. Colo. Jan. 28, 2013). And, the Court recognizes if the Section 327(a) requirements are met, there is a presumption that the Debtor may select counsel of its own choosing.

With respect to the first of the Section 327(a) requirements (that counsel must "not hold or represent an interest adverse to the estate"), that phrase is not expressly defined in the Bankruptcy Code. However, the second Section 327(a) requirement (that counsel must be a disinterested person) includes a defined phrase. Section 101(14) defines "disinterested person" as a person who:

> (A) is not a creditor, an equity security holder, or an insider;

> (B) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

## IV. Hearing.

The Court is very concerned that Michael Best may not satisfy the requirements for employment under Section 327(a) with respect to Kroskob Farms and Kroskob Trucking. (The Court has not made a final determination on such issues.) Some of the Court's concerns stem from the procedural background recited above and the relationship between Kroskob Farms, Kroskob Trucking, and Mr. Kroskob. And, the Court also very concerned that Michael Best has not prosecuted the Kroskob Farms Application nor the Kroskob Trucking Application. As a result, Michael Best is not authorized to represent Kroskob Farms and Kroskob Trucking in either the Bankruptcy Cases or any other matters. The Court will not permit counsel unauthorized under Section 327(a) to continue to purport to represent Kroskob Farms and Kroskob Trucking in the Bankruptcy Cases.

Accordingly, **the Court will conduct a joint hearing on the Kroskob Farms Application (and Objections) and the Kroskob Trucking Application (and Objections) on Wednesday, October 28, 2026, at 1:30 p.m., in Courtroom E, United States Bankruptcy Court for the District of Colorado, United States Custom House, 721 19th Street, Denver, Colorado (the "Hearing").**

On or before **October 7, 2026,** Michael Best shall submit a set of relevant legal facts (with supporting record citations) and legal briefing to the Court supporting the Kroskob Farms Application and the Kroskob Trucking Application. Alternatively, Michael Best may withdraw such Applications, in which case Kroskob Farms and Kroskob Trucking must immediately secure other legal counsel.

On or before **October 21, 2026,** the United States Trustee and ACA shall submit a set of relevant legal facts (with supporting record citations) and legal briefing to the Court supporting the Objections to the Kroskob Farms Application and the Kroskob Trucking Application. Alternatively, the United States Trustee and/or ACA may withdraw such Objections.

DATED this 22nd day of September, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge